IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE S. FOLAU, et al.,

    Plaintiffs,                                      No. CIV S-11-1248 JAM GGH PS

    vs.

U.S. BANK, N.A., et al.,

                                                     FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). This action was removed from state court on May 9, 2011. In the order requiring joint status report, filed May 10, 2011, plaintiffs were advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so. Defendants filed a motion to dismiss on May 16, 2011, to which plaintiffs did not respond. By order filed June 10, 2011, the hearing on the motion was vacated due to plaintiffs' failure to file oppositions.

        Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been

1  timely filed by that party." E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the
2  Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions
3  authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110;
4  see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se
5  litigants).

6      "Failure to follow a district court's local rules is a proper ground for dismissal."
7  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's
8  interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the
9  risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
10  merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize
11  dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash
12  R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).
13  Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
14  of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
15  (setting forth same factors for consideration as Ghazali).

16      The court has considered the factors set forth in Ghazali.  "[T]he key factors are
17  prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
18  Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned
19  case, and this court is put in the untenable position of expending limited judicial resources to
20  decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the
21  court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this
22  case be dismissed.  In sum, the court now has had much experience resolving pro se cases
23  brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result
24  on the merits, that the law does not provide a remedy for this unfortunate situation.

25      Furthermore, according to defendants' motion, this action is property of plaintiff
26  George Folau's bankruptcy estate.  Court records indicate that plaintiff George Folau indeed has

a bankruptcy petition in the Bankruptcy Court in this district. See Defs.' Mot., Exs. E, F; In re Folau, Ch. 7 Case No. 10-35519 (Bankr. E.D. Cal. 2011).[1] Pending causes of action are among the "legal or equitable interests" that become the property of a bankruptcy estate upon filing a bankruptcy petition. See 11 U.S.C. § 541(a)(1) (the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); see also Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986) (even personal injury claims are part of the bankruptcy estate whether or not transferable or assignable under state law).

In light of that filing, and because plaintiff George Folau has not indicated that the bankruptcy trustee has abandoned the claims against defendants, plaintiff George Folau has no standing to prosecute the instant action. See Manlangit v. Nat'l City Mortg., 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (upon declaration of bankruptcy, all of petitioner's property becomes the property of the bankruptcy estate, included causes of action, and absent abandonment by trustee, bankruptcy petitioner loses standing for any causes of action).

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The

////

////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: September 15, 2011

/s/ Gregory G. Hollows<br>
UNITED STATES MAGISTRATE JUDGE

5 GGH:076/Folau1248.41.wpd